UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOSHE SHARGIAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2282** |
| **YOEL SHARGIAN** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the opposed motion[1] of Defendant Yoel Shargian for leave to file a sealed exhibit to his motion[2] *in limine* to exclude testimony, evidence, or argument about certain "Private Placement Memoranda" issued by non-party SKK Opportunity Zone Fund I, LLC. That motion asks the Court to seal the unredacted deposition transcript of Plaintiff Moshe Shargian's expert forensic accountant Harold Asher because, according to Defendant, Asher's testimony is irrelevant and would put the multi-million-dollar Charity Hospital redevelopment project at risk. But Defendant has failed to carry his burden to satisfy "the exacting standard for sealing" by presenting "compelling countervailing interests" sufficient to rebut "the working presumption" that Asher's unredacted deposition transcript should be accessible to the public. *Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419, 421 (5th Cir. 2021). For that reason and for those that follow, the motion to seal is **DENIED**.

---

[1] ECF No. 64.
[2] ECF No. 59.

## I. BACKGROUND

This case arises from a dispute between cousins Moshe and Yoel Shargian over an alleged oral contract to split the proceeds of a project to redevelop Charity Hospital in New Orleans, Louisiana. The facts are recounted in detail in Judge Vance's opinion on Defendant's motion for summary judgment.[3] The Court recounts here only those facts strictly necessary to resolve the narrow motion to seal that is before it.

Plaintiff retained Harold Asher as an expert forensic accountant to opine on Plaintiff's alleged damages and other topics.[4] Asher formed his opinion after reviewing a set of financial documents that included the so-called "Private Placement Memoranda"—prospectuses that SKK Opportunity Zone Fund, an investor in the Charity Hospital redevelopment project and a partner of Defendant, issued to other investors.[5] The Private Placement Memoranda are subject to a stipulated confidentiality agreement and protective order;[6] they contain "confidential financial projections and financing structures" of the Charity Hospital redevelopment project.[7]

Asher gave deposition testimony that criticized representations SKK Opportunity Zone Fund made to investors in the Private Placement Memoranda.[8] Defendant now moves for leave to file an unredacted transcript of that deposition

---

[3] ECF No. 80.
[4] ECF No. 59-3 at 8.
[5] *Id.* at 2.
[6] ECF No. 44.
[7] ECF No. 64-1 at 1–2.
[8] ECF Nos. 64-2 (redacted, unsealed) & 64-4 (unredacted, sealed).

2

testimony as a sealed exhibit to his motion *in limine* to exclude evidence, testimony, and argument regarding the Private Placement Memoranda. Plaintiff opposes.[9]

## II. LEGAL STANDARD

"The public's right of access to judicial proceedings is fundamental." *Binh Hoa Le*, 990 F.3d at 418. After all, "[j]udicial records belong to the American people; they are public, not private, documents." *Id.* at 417. "'The public has an interest in transparent court proceedings that is independent of the parties' interests.'" *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *In re Gee*, No. 19-30953, 2019 WL 13067384, at *4 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring)). Courts are therefore "duty-bound to protect public access to judicial proceedings and records." *Binh Hoa Le*, 990 F.3d at 417. And Courts should "be ungenerous with their discretion to seal judicial records." *Id.* at 418.

Accordingly, "the working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419; *accord, e.g., June Med. Servs., L.L.C*, 22 F.4th at 519–20 ("[W]e heavily disfavor sealing information placed in the judicial record."). That working presumption against sealing "can be rebutted only by compelling countervailing interests favoring nondisclosure." *Bin Hoa Le*, 990 F.3d at 421. "And, to the extent that any sealing is necessary, it must be 'congruent to the need.'" *June Med. Servs., L.L.C.*, 22 F.4th at 521 (quoting *Binh Hoa Le*, 990 F.3d at 420).

---

[9] ECF No. 78.

Before sealing judicial records, the Court "must undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)). "Sealings must be explained at 'a level of detail that will allow for [Fifth Circuit] review.'" *Id.* (quoting *Sealed Search Warrants*, 868 F.3d at 397). "And a court abuses its discretion if it 'mak[es] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'" *Id.* (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

## III. ANALYSIS

Defendant moves for leave to file Asher's unredacted deposition transcript as a sealed exhibit to Defendant's motion *in limine*. Defendant submits that the unredacted deposition transcript should be sealed for three principal reasons: first, because Asher based his deposition testimony on a review of confidential business information that is subject to a protective order; second, because public disclosure of Asher's testimony could harm the Charity Hospital redevelopment project; and third, because Asher's testimony is irrelevant. The Court considers each argument in turn.

First, Defendant has not carried his burden to justify sealing Asher's unredacted deposition transcript simply because Asher based his testimony on a review of confidential business information subject to a protective order. "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once placed in the judicial record." *June Med.*

4

*Servs.*, 22 F.4th at 521 (quoting *Binh Hoa Le*, 990 F.3d at 521); *accord* LOCAL CIVIL RULE 5.6 ("[R]eference to a stipulation or protective order is not sufficient to establish the necessity of sealing any document or other tangible item."). True, "sealing may be appropriate where [a document] incorporate[s] confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). But Defendant has not "identif[ied] any particular confidential information" within the four corners of Asher's unredacted deposition transcript "that may cause [Defendant] harm." *Id.*; *accord Cox Operating, LLC v. Atina M/V*, No. 20-CV-2845, 2023 WL 3092797, at *1–2 (E.D. La. Apr. 26, 2023) (Milazzo, J.) (denying motion to seal "sensitive commercial information" because the movants failed to "identify any particular confidential information" that would harm them (quotation omitted)). It is insufficient for Defendant to claim merely that Asher reviewed confidential business records before his deposition, while saying nothing of what confidential information Asher may or may not have revealed in the transcript Defendant seeks to seal.

Second, and similarly, Defendant has not carried his burden to support sealing based on the supposed harm that Asher's unredacted transcript could cause the Charity Hospital redevelopment project if that transcript were publicly accessible. "[A] showing that disclosure of the information sought to be sealed would harm a party's reputation or its business is not sufficient to overcome the strong common law presumption in favor of public access." *Payne v. Payne*, No. 3:22-CV-2709, 2023 WL 3136417, at *1 n. 5 (N.D. Tex. Apr. 27, 2023) (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The bare assertion that Asher's

5

unredacted deposition transcript would harm the project is inadequate to support sealing. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (explaining that "the bald assertion of competitive harm is insufficient" to support sealing); *see also Omega Hosp., LLC v. Cmty. Ins. Co.*, 14-CV-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J.) (denying motion to seal "confidential and proprietary business information" because the movant offered only "broad, unsupported allegations" to support its sealing request).

Third, the asserted irrelevance of Asher's deposition testimony to Plaintiff's breach-of-contract claim is not an independent ground for sealing. Whatever the relevance of Asher's deposition testimony to *that claim*, Defendant has made Asher's testimony relevant to the public's understanding of *this litigation* by submitting Asher's deposition transcript in support of Defendant's pending motion *in limine*. That motion *in limine* asks the Court to award Defendant affirmative, meaningful relief—an order excluding evidence about the Private Placement Memoranda—based in part on the very deposition testimony that Defendant asks the Court to seal. Obliging Defendant's request would lead to an "important judicial decision[]" being "made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (quoting *In re Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008)).

Finally, the two cases Defendant cites do not support sealing Asher's unredacted deposition transcript. The first case considered an unopposed motion to

6

seal exhibits that "primarily contain[ed] trade secrets and confidential information." *Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*, 18-CV-399, 2023 WL 3862033, at *1–3 (E.D. La. June 7, 2023) (Currault, M.J.). The court granted the motion in part, "adjust[ing]" the movant's proposed redactions "to shield from the public view only the confidential business information and detailed financial records contained within each exhibit." *Id.* The sealing analysis there does not inform the sealing analysis here for a fundamental reason: Unlike the movant there, Defendant here has not specifically identified any confidential business information within the four corners of Asher's deposition transcript that would harm Defendant.

Defendant's second cited case also does not meaningfully advance Defendant's argument. *See Mendoza v. Doyle Int'l La., LLC*, No. 17-CV-437, 2019 WL 5391389, at *3 (M.D. La. Oct. 22, 2019). *Mendoza* granted a party's unopposed motion to seal a document filed by another party but later withdrawn from the record. *Id.* The court reasoned that the strong presumption of public access did not attach because the motion sought to seal "a proposed pleading that was withdrawn." *Id.* That rationale does not apply here. Unlike the proposed pleading in *Mendoza*, Asher's deposition transcript has not been withdrawn; it remains in the record because Defendant put it there—as an attachment to Defendant's own motion *in limine*.

In sum, Defendant has failed to carry his burden to satisfy "the exacting standard for sealing" by presenting "compelling countervailing interests" sufficient to rebut "the working presumption" that Asher's unredacted deposition transcript should be accessible to the public. *Bin Hoa Le*, 990 F.3d at 419 & 421.

7

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's opposed motion for leave to file the unredacted deposition transcript of Plaintiff's expert forensic accountant Harold Asher as a sealed exhibit to Defendant's motion *in limine* to exclude testimony, evidence, and argument regarding the Private Placement Memoranda is **DENIED**.

**IT IS FURTHER ORDERED** that if Defendant wishes to withdraw the motion *in limine*, Asher's unredacted deposition transcript, or both, Defendant must file a motion to withdraw by February 15, 2024. If Defendant does not timely move to withdraw, the Clerk of Court is respectfully directed to unseal and file into the public record Asher's unredacted deposition transcript[10] on February 16, 2024.

New Orleans, Louisiana, this 8th day of February, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[10] ECF No. 64-4.