UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MOSHE SHARGIAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-2282** |
| **YOEL SHARGIAN** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is the joint motion[1] to continue trial and to reopen deadlines in this dispute over profits from a project to redevelop Charity Hospital. The parties ask to continue next month's jury trial and to reopen assorted deadlines—including an amendment deadline that expired over nineteen months ago and discovery and pretrial-motion deadlines that expired over eight months ago. The parties point to "recent changes in the Charity Hospital redevelopment project,"[2] and the parties say they need more time "to discover relevant information" about the addition of "another developer to the project."[3] But the parties do not specify how that "recent change[]"[4] supplies "good cause" for another modification of the scheduling order under Federal Rule of Civil Procedure 16(b)(4). They even admit that "[i]t is unclear how this new developer's involvement will affect"[5] the only claim left in the lawsuit—a claim for enrichment without cause. The parties have thus failed to show "good cause" under Rule 16(b)(4). For these reasons and for those that follow, the motion is **DENIED**.

---

[1] ECF No. 94.
[2] ECF No. 94-1 at 1.
[3] *Id.* at 4.
[4] *Id.* at 1.
[5] *Id.* at 3–4.

I. **LEGAL STANDARD**

"District courts must have the power to control their dockets by holding litigants to a schedule." *Shepherd ex rel Est. of Shepherd v. City of Shreveport*, 920 F.3d 278, 288 (5th Cir. 2019). To that end, "Rule 16(b) of the Federal Rules of Civil Procedure gives district courts broad discretion in enforcing the deadlines in their scheduling orders." *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)). "A schedule may be modified" under Rule 16(b) "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires a showing by the movant that 'the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 533, 535 (5th Cir. 2003)).

"There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (quoting *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (alterations in original)). The Court takes each good-cause factor in turn.

## II. ANALYSIS

The Court's consideration of each of the four good-cause factors confirms that, on balance, the parties have not carried their burden to show good cause to continue next month's jury trial or to again[6] modify the scheduling order under Rule 16(b)(4).

### A. Factor One—The Parties' Explanation

The parties have not shown that the first good-cause factor favors modifying the scheduling order. That factor considers the explanation for the parties' inability to comply with the scheduling order. *See Springboards to Educ., Inc.*, 912 F.3d at 819.

First, the parties have not explained in a meaningful way how or why the addition of a developer to the Charity Hospital redevelopment project makes the parties unable to comply with the Court's scheduling order. More specifically, the parties have not adequately explained the relevance of the developer's involvement in the project to the claim for enrichment without cause under Article 2298 of the Louisiana Civil Code—the only claim left in this lawsuit.

Second, the parties have not explained why they waited until the month before the scheduled jury trial to request a continuance. One of the articles the parties attached to their motion reveals that the "new" developer's involvement in the project was well known by October 2023—more than three months before the parties brought their motion to continue.[7] The parties offer no explanation for that extended delay. *Cf. Squyres*, 782 F.3d at 237 (district court acted "well within the bounds of its

---

[6] This latest motion to continue is the parties' third. *See* ECF Nos. 21, 23, 94. Their first motion to continue was denied because the parties failed to show good cause to modify the scheduling order under Rule 16(b)(4). ECF No. 22. Their second motion to continue was granted. ECF No. 25.

[7] ECF No. 94-3 at 1–13.

3

discretion" in denying a continuance sought by a party who "made no attempt to explain" his delay); *Reliance Ins. Co. v. La. Land. & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (district court did not abuse its discretion in refusing to modify a scheduling order at the request of a party that "offered no justification for its delay").

Third, the parties have not explained the limiting principle, if any, animating their continuance request. According to articles the parties attached to their motion, the Charity Hospital redevelopment project has been ongoing since at least 2018;[8] the project is now "stalled"[9] and "more than three years behind schedule."[10] The "targeted completion date" of the project had been "early 2025" but is now reportedly "set for some time in 2027."[11] The parties do not explain why the logic of their arguments would not require the Court to grant continuances and deadline extensions *ad infinitum* with every modification to this reportedly "stalled" redevelopment project that is "in need of more money to get the project back on track."[12]

Fourth, the explanation the parties do provide is at times inconsistent and is ultimately unpersuasive. On the one hand, the parties submit that adding another developer to the project is a "change in circumstance" that requires reopening discovery "to understand the new organization of the project" and "to determine what

---

[8] *Id.* at 1.
[9] ECF No. 94-2 at 1.
[10] *Id.*
[11] *Id.* at 3.
[12] *Id.*

4

[Plaintiff's] claim for damages is."[13] On the other hand, the parties admit that "[i]t is unclear how this new developer's involvement will affect the financial benefits that [Defendant] may receive from the project."[14] The parties' submission thus suggests they do not know how, if at all, the developer's involvement is likely to affect this case. At bottom, the parties' unpersuasive and at times inconsistent explanation strongly disfavors modifying the Court's scheduling order for a second time.

### B. Factor Two—The Importance of the Modification

The parties have not shown that the second good-cause factor favors modifying the scheduling order either. That factor considers the importance of the requested modification of the scheduling order. *See Springboards to Educ., Inc.,* 912 F.3d at 819.

First, the parties have not shown that modifying the scheduling order is important to the just adjudication of the lone remaining claim for enrichment without cause under Article 2298 of the Louisiana Civil Code. The parties suggest that the introduction of another developer to the project could affect Plaintiff's damages, but they have not clearly explained why or how. Damages for enrichment without cause are "measured by the extent to which one has been enriched or the other has been impoverished, whichever is less." LA. CIV. CODE art. 2298. "The extent of the enrichment or impoverishment is measured as of the time the suit is brought, or, according to the circumstances, as of the time the judgment is rendered." *Id.*

---

[13] ECF No. 94-1 at 4–5.
[14] *Id.* at 3–4.

The parties cite no authority supporting the proposition that Article 2298 requires that a determination of Plaintiff's enrichment-without-cause damages await completion of the project in 2027 or beyond. Plaintiff's damages (if any) instead will be measured just as Article 2298 instructs—by "[t]he extent of the enrichment or impoverishment" (a) "as of the time" Plaintiff brought this lawsuit, or (b) "according to the circumstances, as of the time the judgment is rendered" after the jury trial. *Id.*

Second, even if the parties had shown the importance of the introduction of another developer to the enrichment-without-cause claim, the importance of discovery into that developer's involvement would only "'underscore[] the need for [the parties] to have timely [moved to continue].'" *Batiste*, 875 F.3d at 501 (quoting *Geiserman*, 893 F.2d at 792). The parties' failure to timely move to continue based on a development well known since October 2023 "can't 'singularly override' the [Court's] enforcement of its scheduling order." *Id.* (quoting *Geiserman*, 893 F.2d at 792).

Ultimately, the parties have "fail[ed] to explain" adequately "the importance of the modification." *Springboards to Educ., Inc.*, 912 F.3d at 819. The parties have "failed to elaborate" on their asserted "need" to continue next month's trial and to reopen deadlines—many of which expired long ago—to explore the effect the introduction of another developer may or may not have on the project. *Id.* The parties have therefore not met their burden to show good cause. *See, e.g., id.* (holding that a party failed to show good cause because the party "failed to elaborate on its need for the missing evidence," despite providing "a sufficient explanation for the delay").

6

**C. Factors Three and Four—Prejudice and Continuance as a Cure**

The parties have also failed to show that the third and fourth good-cause factors outweigh the first and second factors or otherwise justify modifying the scheduling order for a second time. *Cf. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727, 741 (5th Cir. 2019) (concluding that the movant's weak showing on the first two good-cause factors was "determinative"). The third good-cause factor considers "potential prejudice in allowing" the modification of the scheduling order, and the fourth factor considers "the availability of a continuance to cure such prejudice." *Springboards to Educ., Inc.*, 912 F.3d at 819 (quoting *Squyres*, 782 F.3d at 237).

The parties' submission on these factors fails to appreciate the Court's interest in controlling its own docket by holding litigants to a schedule. *See Shepherd ex rel Est. of Shepherd*, 920 F.3d at 288. The parties submit that continuing next month's trial and reopening long-since-closed discovery for an unspecified period of time would help both of them and harm neither of them.[15] And the parties insist that a continuance of unspecified length would cure "any prejudice" arising from their asserted "need to gather information" over eight months after discovery closed.[16] Critically, however, "grant[ing] a continuance, reopen[ing] discovery, and allow[ing] another round of pretrial motions" would "disrupt[]" next month's jury trial setting. *Batiste*, 976 F.3d at 501. And the Court "must have the power to control [its] docket[] by holding litigants to a schedule." *Shepherd ex rel Est. of Shepherd*, 920 F.3d at 288;

---

[15] ECF No. 94-1 at 6.
[16] *Id.*

7

*accord, e.g., S&W Enters., L.L.C.*, 315 F.3d at 537 (affirming district court's denial of continuance request that would have "unnecessarily delay[ed]" trial).

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the joint motion to continue trial and reopen certain deadlines is **DENIED** for failure to establish "good cause" for modification of the scheduling order under Federal Rule of Civil Procedure 16(b)(4).

New Orleans, Louisiana, this 9th day of February, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE